## STOBAUGH v. PHŒNIX ASSUR. CO., LIMITED, OF LONDON.

### No. 8718.

Court of Civil Appeals of Texas. Austin.

Nov. 9, 1938.

Rehearing Denied Dec. 7, 1938.

Dibrell & Snodgrass and Baker & Baker, all of Coleman, for appellant.

Critz & Woodward, of Coleman, and Bryan & Bryan, of Houston, for appellee.

BLAIR, Justice.

Appellant, J. A. Stobaugh, sued appellee, Phœnix Assurance Company, Ltd., of London, on a policy of fire insurance for $2,400, alleging that the residence of appellant covered by the policy had been totally

destroyed by fire. Among other defenses, appellee alleged, offered proof tending to show, and the jury found in answer to special issues: (1) That the residence was vacant for a period of more than ten days prior to the fire, in violation of the terms of the policy requiring a vacancy permit to continue the insurance in force; (2) that appellant misrepresented the facts as to the time the residence became vacant to McDonald, agent of appellee, at the time he attached the vacancy permit to the policy; and (3) that appellant set fire to the residence for the fraudulent purpose of collecting the insurance on the policy in suit. Judgment was accordingly rendered for appellee and that appellant take nothing by his suit.

We do not sustain the contentions of appellant that neither of the jury's findings is supported by any evidence.

 On the issue of vacancy, the evidence showed that prior to April 15, 1931, appellant sold the residence to one Goss, who on April 21, 1931, by deed reconveyed it to appellant, and left the premises about April 15, 1931, and so notified appellant. The property was vacant until it was destroyed by fire May 17, 1931. Appellant testified that Goss left the premises April 24th or 25th, 1931. The jury determined this conflict in the evidence against appellant. McDonald, the agent of appellee, testified that Stobaugh requested the vacancy endorsement about May 4, 1931, and that he did not know that the property had been vacant for more than ten days at that time; and that Stobaugh represented to him at the time that the property had not been vacant. Appellant testified that McDonald knew at the time that the property had been vacant. The jury resolved the conflict in evidence against appellant, and this court has no authority to disturb that finding.

The jury's findings on this independent defense of permitting a vacancy in violation of the terms of the policy is conclusive of the non-liability of appellee on the policy, without regard to the finding of the jury that appellant set fire to the residence for the fraudulent purpose of collecting the insurance. Suffice it to say, however, that the evidence was sufficient to sustain the jury's finding on the issue of arson.

Since we have concluded that the jury's finding on the vacancy issue is de-terminative of the non-liability of appellee on the insurance contract, the proposition that the court erred in admitting testimony of similar fires that appellant had in the same area shortly prior to this fire and for which he collected insurance, and in excluding the testimony or opinions of carpenters that the manner in which appellee had reconstructed the house was mere patchwork, become immaterial. Serious doubt is also raised as to whether appellant specifically presented in his motion for a new trial the particular testimony admitted or excluded and here complained of. No useful purpose can be served by a discussion of these points.

The judgment of the trial court is affirmed.

Affirmed.